# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **JIMMY ADAMS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | CV No.: _____ |
| v. ) | |
| ) | |
| **CAGLE BROTHERS CONCRETE,** ) | |
| **PUMPING,** ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW**, the Plaintiff, Jimmy Adams, by and through his undersigned attorney, and brings this action against Cagle Brothers Concrete Pumping, LLC ("Cagle Brothers") for damages and other legal and equitable relief for Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331.

2. The Defendant is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the

unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

3. At all relevant times herein, the Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

## PARTIES

4. Plaintiff, Jimmy Adams, is a citizen of the United States and resident of the state of Alabama. At all times material to this lawsuit, Plaintiff was over the age of 19 years old, a resident of this judicial district, and employed by Defendant.

5. Defendant, Cagle Brothers Concrete Pumping, LLC is a domestic limited liability company formed in Madison County, Alabama. Defendant regularly conducts business and employs workers within this judicial district and division. At all times material to this action, Defendant employed Plaintiff. Defendant is an entity subject to suit under the FLSA.

6. Defendant is an employer within the meaning of FLSA, 29 U.S.C. § 203(d).

7. At all times material to this action, Defendant has been an enterprise as defined by § 203(s)(1) of the FLSA.

8. Upon information and belief Cagle Brothers has an annual gross volume of sales made or business done that is or exceeds $500,000.

9. At all times relevant to this action, Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

## FACTS

10. Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

11. Defendant provides constructions services, including, but not limited to, concrete pumping to its customers.

12. Defendant employed the Plaintiff as a senior concrete pump operator from on or about January 27, 2019 through on or about April 1, 2020

13. Plaintiff was a FLSA non-exempt employee of the Defendant through the entirety of his employment.

14. Plaintiff's job duties during the entirety of his employment with Defendant included but were not limited to the following: clock in for his shift; preform a pre-trip inspection of the pump truck; fill up all water tanks

needed for the day's jobs; map route and travel to job site; speak with the customer; prime, pump, and dispense product; notify management of completion; refuel the truck and return to the shop; detail and wash the truck; perform a post-trip inspection of the pump truck; clock out for the day; check for the next day's job.

15. Plaintiff worked over 40 hours in many workweeks as indicated on his timecards.

16. On weeks in which plaintiff worked over forty hours, he received either inadequate or no overtime pay.

17. From January 2019 to December 31, 2019, defendant routinely failed to properly pay plaintiff overtime pay.

18. These violations are known to the Defendant and were willful in nature.

19. As a result of the Defendant's practices, the Plaintiff worked multiple workweeks without receiving the legally required amount of overtime pay.

## COUNT ONE – FLSA Violations

20. Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

21. The Defendant has failed and refused to comply with the FLSA's overtime requirements by failing to pay the Plaintiff at one-and-one-half of the applicable regular rate per hour for all hours that he worked in excess of

4

forty hours per week during Plaintiff's employment as described in this Complaint.

22. The Defendant's failure to pay the Plaintiff overtime pay for all hours that he worked over 40 hours in any workweek is impermissible under the FLSA.

23. The Defendant has failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

24. The Defendant's willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

25. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

26. None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee. Accordingly, the Plaintiff must be paid overtime pay in accordance with the FLSA.

27. The Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. The Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid

overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

28. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of his costs, attorneys' fees, and expenses incurred.

29. As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendant from the Plaintiff for which the Defendant is liable pursuant to 29 U.S.C. § 216(b).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendant for all of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages; attorneys' fees, costs, disbursements, and interest; and such other additional relief as the Court deems equitable and appropriate.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully submitted,

_____
J. Zach Higgs, Jr.
Attorney for the Plaintiff
Higgs & Emerson

 

405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com
*Attorney for Plaintiff*

**Copy Served Upon:**

Cagle Brothers Concrete Pumping, LLC
c/o Ryan Cagle
459 Moontown Road
Huntsville, AL 35811